IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


STEVEN ROBERTS,                          :
                                         :
          Plaintiff                      :          CIVIL NO. 3:CV-15-579
                                         :
     v.                                  :
                                         :          (Judge Conaboy)
                                         :
HON. STEWART KURTZ, ET AL.,              :
                                         :
          Defendants                     :
_____

**MEMORANDUM**
**Background**

     This <u>pro</u> <u>se</u> civil rights action was filed by Steven Roberts,

an inmate presently confined at the State Correctional Institution,

Coal Township, Pennsylvania (SCI-Coal Twp.).  The Plaintiff has

also submitted a request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

For the reasons set forth below, Roberts' complaint will be

dismissed without prejudice.

     Named as Defendants are President Judge Stewart Kurtz of the

Huntingdon County, Pennsylvania Court of Common Pleas and

Commonwealth of Pennsylvania Deputy Attorney General (Criminal Law

Division) Christopher J. Schmidt, Esq..  Plaintiff states that he

was sentenced to a ten (10) to twenty (20) year term of

imprisonment by President Judge Kurtz.  <u>See</u> Doc. 1, ¶ IV.  Roberts

contends that the imposition of that sentence was improper due to a

clear absence of jurisdiction.[1]  See id. at (1).

Although the exact basis for Plaintiff's claims of absence of jurisdiction are not set forth in his pending Complaint, it appears that Roberts is alleging that his state conviction was improper under standards announced in Commonwealth of Pennsylvania v. Franklin, 4 U.S. 316 (1804).

The Complaint is also attempting to assert liability against Attorney Schmidt based upon his representation of the Commonwealth in a federal habeas corpus action filed by the Plaintiff which is presently pending before this Court.  Roberts generally alleges that Attorney Schmidt ignored material evidence when presented with Plaintiff's claim of absence of jurisdiction. Plaintiff seeks injunctive and declaratory relief which would invalidate his state sentence as well as an award of punitive damages.  See Doc. 1, ¶ V.

### Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319,

---

[1]  Based upon review of the record from a habeas corpus action which Plaintiff previously filed with this Court, Roberts v. Varano, Civil No. 3:CV-12- 1613, he was convicted of aggravated assault on January 7, 2009 following a jury trial in the Huntingdon County Court of Common Pleas.  Roberts was sentenced to a ten (10) to twenty (20) year term of imprisonment on February 17, 2009.
  Attorney Schmidt represents the Respondent in the abovementioned habeas corpus action.

327-28 (1989), <u>Douris v. Middleton Township</u>, 293 Fed. Appx. 130, 132 (3d Cir. 2008).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**<u>Injunctive/ Declaratory Relief</u>**

The Complaint includes factual assertions that Roberts is challenging the legality of his Huntingdon County criminal conviction and sentence.  As relief, Plaintiff indicates that he is seeking to overturn that state court conviction and sentence.

It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1975).  The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus.  <u>See</u> <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1086 (3d Cir. 1985).

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action.  <u>Id</u>. at 646.  Pursuant to the standards announced in <u>Georgevich</u> and <u>Edwards</u>, any challenge by Roberts to

3

his Huntingdon County conviction and sentence is not properly raised in a civil rights complaint.  Accordingly, any such claims will be dismissed without prejudice.  This determination has no effect on Roberts' pending federal habeas corpus petition.

**<u>Monetary Relief</u>**

To the extent that Plaintiff is seeking an award of monetary damages, it is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties.  <u>Stump v. Sparkman</u>, 435 U.S. 349, 359 (1978); <u>Oatess v. Sobolevitch</u>, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power).

Since the claims against President Judge Kurtz are solely premised upon rulings made by the President Judge during the course of Plaintiff's state criminal prosecution, President Judge Kurtz is entitled to absolute immunity with respect to any claim for monetary relief.

Moreover, in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id</u>. at 486-87. Thus, any request by Plaintiff for monetary damages against Attorney Schmidt is likewise premature because Roberts cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment, his state criminal conviction and sentence, are rendered invalid.

**<u>Conclusion</u>**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774. Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. <u>See</u> <u>Roman</u>, 904 F.2d at 195 n. 3. An appropriate Order will enter.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: April 2, 2015